IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIRECTV, INC.,

        Plaintiff,

v.                          No. 03-2544-GTV-DJW

MATT GAVIN et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court are the following motions: (1) Plaintiff's Motions for Court Order Directing Production of Cable Records from Time Warner Cable and Comcast Cable relating to Defendants David Macdougall and Jeffrey Wallace (docs. 101 and 110); and (2) Plaintiff's Motion for Protective Order (doc. 130). More specifically, Plaintiff requests that the Court

- issue an order ruling that a subpoena is a "court order" as provided by 47 U.S.C. § 551, or alternatively,

- issue an order directing Time Warner Cable and Comcast to produce the subpoenaed records in this case.

Plaintiff also asks that the Court enter a protective order limiting disclosure of the records subpoenaed by Time Warner Cable.

Plaintiff has communicated to the Court via e-mail that neither Time Warner Cable nor Comcast object to Plaintiff's requests for a court order, and the two cable companies will produce the documents after receiving such court order as long as a protective order is issued limiting dissemination of the documents produced.

For the reasons stated below, Plaintiff's Motions will be granted and a protective order will be issued.

## DISCUSSION

Plaintiff is suing Defendants for alleged "surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming."[1]  Plaintiff has subpoenaed cable television records for Defendant Macdougall from Time Warner Cable and Defendant Wallace from Comcast.  Relying on prohibitions set forth in the Cable Act of 1984,[2] Time Warner Cable and Comcast have refused to produce the records without consent from the subscriber or a court order requiring them to do so.

### A.   The Cable Act

The Cable Act was enacted "to establish national policy and guidelines for the cable television industry."[3]  In particular, 47 U.S.C. § 551 "establishes a self-contained and privately enforceable scheme for the protection of cable subscriber privacy."[4]  This section responds to "Congress' observation that [c]able systems, particularly those with a 'two-way' capability, have an enormous capacity to collect and store personally identifiable information about each cable subscriber."[5]  "Subscriber records from

---

[1] Plaintiff's Motions for Court Order at p. 1 (docs. 101 and 110).

[2] 47 U.S.C. §§ 521, *et seq.*

[3] *Scofield v. TeleCable of Overland Park*, 973 F.2d 874, 876 (10th Cir. 1992).

[4] *Id.*

[5] *Id.* (quoting H.R.Rep. No. 934, 98th Cong., 2d Sess. 29 (1984)).

interactive systems," Congress noted, "can reveal details about bank transactions, shopping habits, political contributions, viewing habits and other significant personal decisions."[6]

Plaintiff asserts, and the Court agrees, that 47 U.S.C. § 551(c) governs disclosure by Time Warner Cable and Comcast of subscriber records. Section 551(c) states as follows:

(c) Disclosure of personally identifiable information

> (1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.
>
> (2) A cable operator may disclose such information if the disclosure is –
>
>> (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
>>
>> (B) subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;
>>
>> (C) a disclosure of the names and addresses of subscribers to any cable service or other service, if –
>>
>>> (i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and
>>>
>>> (ii) the disclosure does not reveal, directly or indirectly, the –
>>>
>>>> (I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or
>>>>
>>>> (II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or

---

[6]*Id.*

3

>> (D) to a government entity as authorized under chapters 119, 121, or 206 of Title 18, except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.[7]

## B.  Is a Subpoena a "Court Order" as Contemplated by the Cable Act?

As a preliminary matter, Plaintiff asks the Court to rule that the subpoenas at issue are "court orders" as contemplated by 47 U.S.C. § 551(c)(2)(B). In support of this position, Plaintiff refers to the definition of subpoena in *Black's Law Dictionary*, as well as case law where a subpoena has been held to be an order of the court. The Court, however, is not persuaded by Plaintiff's arguments.

A "subpoena is a mandate lawfully issued in the name of the court."[8] Bearing the court's seal, "the subpoena is an instrument of court process."[9] A subpoena is enforceable in the court in which it is issued, and "[f]ailure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued."[10]

Unlike an order issued directly by a judicial officer in the resolution of a specific dispute, however, a subpoena is issued by the clerk or by attorneys with little or no supervision by the court. For this reason, Federal Rule of Civil Procedure 45 specifically permits persons or entities served with a subpoena to file and serve written objections to production of materials and, if objection is made, the party serving the subpoena is not entitled to inspect materials except *"pursuant to an order of the court."*[11]

---

[7] 47 U.S.C. § 551(c).

[8] 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2451 at p. 15 (2d ed. 1995).

[9] *In re McBryde*, 120 F.3d 519, 524 (5th Cir. 1997).

[10] Fed. R. Civ. P. 45(e).

[11] Fed. R. Civ. P. 45(c) (emphasis added).

4

Based on legislative history that expressly proposes to protect cable subscriber privacy, as well as the unique characteristics of a subpoena process that commands production of documents without court involvement unless an objection is lodged, this Court declines to find that a subpoena falls within the type of "court order" contemplated by 47 U.S.C. § 551(c)(2)(B).

C.   **Alternative Request for Court Order**

In the alternative, Plaintiff requests the Court issue an Order permitting Time Warner Cable and Comcast to disclose the referenced records. As noted above, both Time Warner Cable and Comcast have indicated they have no objection to Plaintiff's requests so long as a protective order is entered. Moreover, the Court notes that Defendants have been served with Plaintiff's motions and none of the Defendants have objected. Accordingly, the Court finds Plaintiff's Motions to Compel should be granted.

D.   **Motion for Protective Order**

Plaintiff has moved for a protective order governing the production of records from Time Warner Cable, and has submitted a proposed Protective Order. Plaintiff represents that Time Warner has consented to the form of the proposed Protective Order. The Court has made minor revisions to the proposed Protective Order, and will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Court Order Directing Production of Cable Records (doc. 101 and 110) are granted to the extent that Time Warner and Comcast shall provide to Plaintiff the materials subpoenaed within eleven (11) days of the date of this Order. Plaintiff is directed to ensure the material received is kept confidential pursuant to the Protective Orders entered in conjunction with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (doc. 130) is granted.

The Court will issue the Protective Order in a separate Order.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of February, 2005.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

cc:     All counsel and *pro se* parties